THOMAS CARD *v.* ALFRED S. PATTERSON AND PLATT CARD.

1. Where a bona fide purchaser, without notice of equities which would defeat a title, sells and conveys to a third person, who has notice of such equities, the latter holds the title with all the incidents which protected it in his grantor.
2. The act of 1831, relating to the acknowledgment, etc., of deeds, does not require the officer taking the acknowledgment of a married woman to certify that he read, or otherwise made known to her the contents of the deed.
3. An acknowledgment stating the examination and declaration of the wife thus, is sufficient under the act of 1831: " The said Maria, being by me ex-

amined separate from her husband, declared that she signed the same of her own free will and accord."

4. A deed duly executed and acknowledged by a married woman, a minor, is not void, but voidable only.

IN chancery.    Reserved in the District Court of Lucas county.

The complainant, Thomas Card, in his bill, filed in 1850, sets up an equitable title in himself to certain premises in controversy, situated in the city of Toledo, and asks the court to enter a decree against the defendants Patterson and Platt Card, by which he will be vested with the legal title to said premises, and quieted in possession.    The cause comes to hearing upon bill, answer of Patterson, exhibits and testimony.    Platt Card fails to answer.

The testimony is very voluminous, and as the opinion of the court states the finding upon the issues of fact, so far as the court, in disposing of the case, has deemed it necessary to determine those issues, it is not material, in order to understand the points decided, to make any further statement than the following, to show the state of the paper title, and those questions arising thereon, which are disposed of in the opinion of the court.

Anderson Martin, the patentee of the land in controversy, conveyed the same to Maria P. Turner, on the 6th of July, 1829.

Notwithstanding this conveyance, it was claimed that Anderson Martin still retained the equitable title to the land ; and on the 7th of August, 1833, he released all his rights therein to his brother, Joseph Martin, by deed of that date.

Here commence two lines of title—one under Joseph Martin, another under Maria P. Turner.

The complainant sets up title under the former, and deduces it thus :

October 21st, 1834, Joseph Martin conveys to Philo Bennett and Platt Card.

February 16th, 1835, Bennett conveys to Platt Card.

June 3d, 1835, Platt Card sells by contract in writing, to George W. Card, and covenants to make a deed, on payment of purchase money.

May 2d, 1849, George W. Card, having paid the purchase money, assigns the contract to Thomas Card, the complainant.

Patterson claims title under Maria P. Turner, and deduces it thus :

April 15th, 1835, Maria P. (who was then a minor) and her husband, John Edlebute, convey to Alfred Beardsley. The certificate of acknowledgment of this deed is in these words :

" The State of Ohio, Licking county, ss.

" Before me, the subscriber, an acting justice of the peace, in and for the county aforesaid, personally came John Edlebute, and Maria, his signers to the foregoing deed of conveyance, and severally acknowledged the signing and sealing thereof to be their free voluntary act and deed, for the uses and purposes therein expressed ; the said Maria being by me examined separate from her husband, declared that she signed the same of her own free will and accord."

May 12th, 1836, Beardsley conveys to Patterson.

June 1st, 1836, Edlebute and wife make a deed direct to Patterson, at his request, for the alleged purpose of having the identity of Mrs. Edlebute, as the same Maria P. Turner, apparent in the deed.

The complainant claims, that, because of fraud in obtaining the deed from Martin, the patentee, to Maria P. Turner, she held the legal title as trustee, and that the equitable title still remained in said Martin.

As to this :

It appears that the conveyance by Martin, the patentee, was made to the girl Maria, at the request and by the procurement of one Samuel G. Turner, with whom she was then living ; and that said Samuel G. Turner, who had bargained with said Martin for the land, had it thus conveyed, to reimburse the girl Maria for certain property which had belonged to her, and which said Samuel G. Turner had converted to his own use.

The complainant alleges that said Samuel G. Turner committed a fraud upon Martin, when he got him to convey the land to the girl Maria, by falsely representing that a certain patent right for

21

a threshing machine, and which, as complainant. alleges, said Samuel G. Turner assigned to Martin as the sole consideration for the land, was very valuable, when, in fact, it was worthless.

The complainant alleges that Patterson had full notice from the first of the patentee's equity, and of the complainant's derived from him.

The complainant asks for a decree upon three grounds:

1. Patterson, from the beginning, had full notice of his equity, and used Beardsley merely as a tool to get control of the title.

2. Beardsley's deed from Edlebute and wife was utterly void for want of proper acknowledgment; and Patterson had notice, both actual and constructive, *before* his deed from Edlebute and wife.

3. Conceding the acknowledgment to be good, then, Mrs. Edlebute's infancy makes the *legal* title in Patterson *defeasible*, and a court of equity will therefore draw it from him, and give it to the real owner of the equity.

Upon the part of Patterson, the following positions are taken:

1st. The allegation of fraud by Turner is controverted.

2d. Beardsley was an innocent purchaser without notice.

3d. The deed to Beardsley is sufficiently acknowledged.

4th. Beardsley being a purchaser without notice, and having a good title, Patterson will hold, even if he purchased with notice.

5th. Patterson is a bona fide purchaser without notice.

6th. Although Mrs. Edlebute's infancy may render the title of Patterson defeasible by *herself*, yet it is not defeasible by any one else. No court will compel her to disaffirm her deed.

*P. B. Wilcox*, and *Hill & Perigo*, for complainant.

*M. R. Waite*, and *Wm. Baker*, for Patterson.

J. R. SWAN, J.

1. Patterson claims that he was a bona fide purchaser from Beardsley. Card claims that Beardsley was a mere tool in the hands of Patterson, and that the latter in fact purchased the lands from Edlebute and wife through Beardsley. We have carefully

examined the voluminous testimony upon this question, and have come to the conclusion that Beardsley does not occupy the relation to Patterson claimed by the complainants. The consequence is, that Patterson takes the title from Beardsley, with all the incidents which protected Beardsley as a bona fide purchaser, without notice of the equities claimed by the complainants.

2. The officer taking the acknowledgment of the deed made by Edlebute and wife, omits to state that he read or otherwise made known to her the contents of the deed, and this, among others, is claimed to be a fatal defect. The statute of 1818, and the statute of 1831, are similar in their provisions. Both re quired the officer to read or otherwise make known to the wife the contents of the deed; but neither required the officer to certify that he had done so. *Chesnut* v. *Shane's Lessee,* 16 Ohio Rep. 599; *Ruffner* v. *McLenan et al.,* 16 Ohio Rep. 639, and cases there cited and decided. The statute of 1831, simply requires the officer to certify the examination and declaration of the wife.

3. It is objected that a separate examination and declaration of the wife is not certified in the acknowledgment under consideration.

The acknowledgment certifies that " the said Maria, being by me examined, separate from her husband, declared that she signed the same of her own free will and accord."

This deed was acknowledged under the act of 1831.

Under the act of 1818, the statute required the officer to certify that the wife " declared that she voluntarily and of her own free will and accord, without any fear or coercion of her husband," acknowledged the signing and sealing of the instrument. Per Hitchcock, J., 16 Ohio Rep. 647, 648.

The statute of 1818 is in these words: " If upon such examination, she shall declare that she voluntarily and of her own free will and accord, without any fear or coercion of her husband, did and now doth acknowledge the signing and sealing thereof, the said judge or justice shall certify the same, together with the acknowledgment of the husband on the same sheet."

In the case of *Vattier* v. *Chesseldine,* 16 Ohio Rep. 661, it

was held, that a certificate in the following words was sufficient, in substance, under the act of 1818:

" Came personally, etc., Charles Vattier and Parmelia Vattier, who separate and apart, acknowledged the foregoing instrument to be their voluntary act." The court say that " this certificate shows satisfactorily that the wife was *examined* separate and apart from her husband." " We are further satisfied from the certificate that the complainant did *acknowledge* the deed to be her voluntary act ; and if voluntary, then there was no compulsion, no coercion."

The statute of 1831 provides : " If upon such separate examination, she shall declare that she did voluntarily sign, seal, and acknowledge the same, and that she is still satisfied therewith, such officer shall certify such examination and declaration of the wife, together with the acknowledgment as aforesaid, on such deed," etc. In the certificate attached to the deed of Edlebute and wife, the fact that the *examination* of the wife was made separate and apart from the husband is distinctly stated, and the certified declaration of the wife, which, under the act of 1818 and 1831, constitutes the wife's separate acknowledgment, is more formal and full than in the Vattier case above cited. The last words of the above recited clause of the act of 1818, " together with the *acknowledgment* of the husband on the same sheet," and the last clause of the act of 1831, above recited, " together with the *acknowledgment* as aforesaid, on such deed," both refer to the acknowledgment of the husband required by the preceding parts of both the sections.

We are of the opinion that the certificate in question, under the adjudications of this court, substantially complies with the requirements of the statute of 1831.

4. The wife of Edlebute was, it seems, a minor when she executed the deed. This does not render the deed void, but voidable only.

*Bill dismissed.*