Peck, J.
The first question suggested by the record is, •whether it must affirmatively appear in the entry of a widow’s election to take under the will of her deceased husband, upon the journal of the probate court, that the judge had explained to her “ the provisions of the will, and her rights under it and by law, in the event of her refusal to take under the will.” The statute (Swan & Oritchfield, 1030) requires such explanation to be made by the probate judge before whom the election is declared, and that the fact of election, if made, shall be entered upon the minutes; but it does not, in express terms, at least, require that an entry must be made that such explanation was given, and the absence of such requirement affords a strong presumption that no such entry was contemplated by the legislature.
Indeed, we can not perceive that a mere entry on the minutes, by the judge, that he had explained to the widow “ the provisions of the will, and her rights under it and under the law,” would avail the widow in any way, while its insertion upon the record, at her request, might seriously embarrass her, should she afterward seek to deny that any explanations were made, or to affirm that deceptive ones had been given. Such an entry, to be beneficial to her, should set forth, specifically, all that was said by the judge, as to the construction of the various clauses affecting her interests, and his comments upon the statutes of descents and distributions. If required to protect her interests, it should show not only that explanations were made, but what those explanations were. It is manifest, therefore, that the omission to require an entry that such explanations were made, was intentional on the part of the legislature. If it appeared affirmatively upon the journal, that the probate judge did not discharge this duty, the election by the widow would not, perhaps, be obligatory upon her; but the record is silent as to whether such explanations were or were not made, and the petition impliedly admits they were given. It was clearly his duty, under the law, to have made the explanation before recording her election to take under the will. He entered such election upon the minutes of his court, and-in the absence of *389 averment or proof to the contrary, we must apply the maxim that “ everything is presumed to be rightly and duly performed until the contrary is shown.” 12 Wheat. 69, 70. The probate judge, therefore, did not err in holding that it need not appear upon the journal that the will-had been duly explained. See, also, Card v. Patterson et al., 5 Ohio St. Rep. 319.
It is said, however, that Mrs. Davis had, under the statute, an entire year from the probate of the will, on June 2, 1852, within which to make her election to take under it, and that she had the right, at any time within that year, to rescind an election actually made, unless new interests had intervened ; and chat, therefore, the probate judge should have permitted her to rescind her election when she desired to do so in May, 1853.
It is quite true that she need not have made her election to take under the will until after the time when she declared her wish and intention to rescind the election of June, 1852; but we can by no means assent to the proposition, that an election once made and declared, in the form prescribed by law, is thereafter revocable at her pleasure, even though no new interests shall have intervened. The statute has taken every needful precaution to protect a widow’s rights, and guard her from imposition. It gives her a full year, if she desires it, for inquiry and deliberation, so that she may have ample time to ascertain the situation and value of the estate, and the extent of its liabilities, as well as the relative value of the rights secured to her by the will. It has also made it the duty of its sworn officers, to explain to her the provisions of the will, and her rights under it, and under the law, if she should refuse to take under the will. And having thus secured to her time and opportunity to gain the requisite information, requires from her a solemn declaration, formally made to a public officer, and entered upon the journal of a court, before she is compellable to accept the provisions made for her in the will. If, acting rashly or unadvisedly, she does not avail herself of all the time thus secured to her for inquiry and deliberation, it is her own fault, and not that of *390 the law under which she acted. We do not doubt but that cases of fraud, imposition, misrepresentation and mistake may arise, which would authorize a court of competent juris diction to cancel and set aside such election, even after the year had expired, but to hold that an election thus made and declared is, at any time thereafter, revocable at the mere pleasure of the party making it, would render the law itself a mere mockery.
Two questions still remain :
1. Is the case made in the petition filed in the probate court of Muskingum, such as would authorize any court of competent jurisdiction to set aside the election of Mary Davis to take under the will of her deceased husband ?
2. Had the probate court jurisdiction to try the case and grant the relief asked ?
1. As to the case made in the petition for the cancellation of the entry of election.
The petition states as the sole ground for such cancellation, “that when said election was made, she was not fully aware of the provisions of said will, and the effect of said election, and the same was made under a mistaken view of the'provisions of said will, which entirely excluded her son, Charles ‘Spencer Davis, the sole issue of her marriage with the deceased, from all share in his father’s estate.” There is no averment of any fraud, concealment, or imposition practiced upon her; nor that the probate judge did not fully, perform his duty in explaining the will and her rights under it; nor that she was misled or misinformed by the probate judge, or any other person, as to any matter material to her interests. She merely states that she was not fully aware of the provisions of said will, and the effect of the election; but, for aught that appears, the misapprehension is attributable solely to her own laches and indiscretion, and she does not state even that such misapprehension materially affected her interests, and much less make it apparent to 'the court that it was material. It also states that she was not aware that her only son was disinherited by the will. The cause of her ignorance as to this fact is not stated, and much less does it appear that *391 the omission of her son’s name as a devisee injuriously and materially affected her interests. The petition does not ad vise us of the terms of the will and the character and extent* of the devise to her, and we can not know, judicially, that her interests were affected injuriously thereby ; and it is quite certain that her refusal to take under the will, would not entitle a disinherited child to a distributative share of the estate. In short, the petition does not, in our judgment, make a case which would justify any court in vacating an entry of election, formally made under the statute and entered upon the record at her instance and request. It does not make a case of fraud, imposition, or misrepresentation, nor of a failure of the probate judge to discharge his preliminary duty; and if there was a mistake, it does not appear to have been such a mistake, nor followed by such consequences as would authorize the relief asked.
But, if mistaken in this, we are still satisfied that the probate court had no legal authority to try the questions raised by the petition, and grant the relief asked.
The probate court, as created by statute (Swan & Critchfield, 1212), is one of special and limited jurisdiction. Its jurisdiction in probate and testamentary matters even, is special and not general, ex gra., 1. “ To take proof of wills, and to admit to record authenticated copies of wills executed, proved and allowed in the courts of any other State, territory or country. 2. To grant and revoke letters testamentary and of administration. 3. To direct and control the conduct, and to settle the accounts of executors and administrators, and to order a distribution of estates. 4. To appoint and remove guardians, to direct and control their conduct, and to settle their accounts,” etc. And this is true of all the jurisdiction thereby conferred; they are all grants of specific and not general jurisdiction, and the auxiliary and incidental powers of the court are expressly limited to such as are “ necessary and proper” to carry into effect the powers thereby expressly granted.
The authority of the probate judge to receive and record the election of the widow, is not conferred by this act, but by *392 sections 48, 44, 45 and 46 of the act relating to wills; and by that act the duties of the probate judge are limited to an explanation of the will and the entering of her election, if made, upon the minutes of his court. His duties under the statute, terminate with that entry, and no further action on his part is contemplated. When the entry is once made in conformity with the statute, his authority in regard to it is at an end. If her election was procured by fraud or imposition, or entered under such a mistake as would justify its rescission, resort may be had to the chancery powers of the court of common pleas, which are ample to meet the exigency, by inquiring into the fraud, imposition or mistake, and if true, directing a cancellation of the entry of election; and this may be done even after the expiration of one year from the probate of the will, if other and new interests have not intervened. But the probate court has no such powers under the general statute, nor under the act relating to wills. The probate judge in this case, therefore, did not err in holding that he had no power to cancel an election made and entered in conformity with the statute, for an alleged mistake on the part of the person making such election.
We are of the opinion that the judgment of the common pleas, reversing the judgment of the probate court, should be and the same is hereby reversed, and the judgment of the said probate court is affirmed.
Scott, C. J., and Sutlife, Gholson and Brinkerhoee, JJ., concurred.